UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY BRUMFIELD,<br><br>             Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>             Defendant. | Case No. CV 10-6690 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I. SUMMARY

On September 14, 2010, plaintiff Ricky Brumfield ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 20, 2010 Case Management Order, ¶ 5.
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On or about February 6, 2008, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 11, 82). Plaintiff asserted that he became disabled on February 5, 2005, due to left shoulder and neck pain, irritable bowel syndrome ("IBS"), acid reflux and gastric peresis. (AR 100-01). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on April 8, 2009. (AR 21).

On September 1, 2009, the ALJ determined that plaintiff was disabled for the closed period of May 1, 2005 through September 30, 2008, and that, due to medical improvement, plaintiff was not disabled from September 30, 2008 through the date of the decision. (AR 17). The ALJ also found that beginning on September 30, 2008 (1) plaintiff suffered from the following severe impairments: cervical spine degenerative joint disease, left shoulder pain, and bacterial overgrowth in the small intestine (AR 15); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 17-18); (3) plaintiff retained the residual functional capacity to perform sedentary work[1] with certain additional limitations[2] (AR 18); (4) plaintiff

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[2] The ALJ determined that plaintiff could perform sedentary work, but was limited to occasional kneeling, crouching, crawling and bilateral overhead reaching, frequent handling and fingering, and needed to have ready access to a lavatory. (AR 18).

2

could not perform his past relevant work (AR 19); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically inspector (AR 19); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the assessed residual functional capacity (AR 18).

The Appeals Council denied plaintiff's application for review. (AR 1).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

|   |     |                                                                 |
|---|-----|-----------------------------------------------------------------|
| 1 | (4) | Does the claimant possess the residual functional capacity to   |
| 2 |     | perform his past relevant work?  If so, the claimant is not     |
| 3 |     | disabled.  If not, proceed to step five.                        |
| 4 | (5) | Does the claimant's residual functional capacity, when          |
| 5 |     | considered with the claimant's age, education, and work         |
| 6 |     | experience, allow him to adjust to other work that exists in    |
| 7 |     | significant numbers in the national economy?  If so, the        |
| 8 |     | claimant is not disabled.  If not, the claimant is disabled.    |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ improperly evaluated the credibility of plaintiff's subjective complaints for the period beginning on September 30, 2008 (*i.e.*, after the closed period of disability). (Plaintiff's Motion at 2-5). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating

5

factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." Bunnell, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13; quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

**B. Analysis**

Here, the ALJ found that plaintiff's statements concerning his limitations were "not credible beginning on September 30, 2008, to the extent they [were] inconsistent with the [ALJ's] residual functional capacity assessment for the reasons explained below." (AR 18). The ALJ failed, however, to provide any explanation "below," much less any clear and convincing reasons for discrediting any of plaintiff's statements. (See AR 18-20). Even assuming that earlier in the decision the ALJ properly discounted plaintiff's December 2008 statements to an examining physician,[3] that finding does not constitute a clear and convincing reason for discrediting plaintiff's extensive testimony at the administrative hearing that plaintiff suffered from disabling impairments. (AR 16, 27-39). See Greger, 464 F.3d at 972.

---

[3]In assessing plaintiff's residual functional capacity for the closed period of disability (*i.e.*, May 1, 2005 through September 30, 2008), the ALJ did consider plaintiff's December 2008 statements to a qualified medical examiner that plaintiff had "reflux with intractable symptomatology" and "continued to take Xanax for abdominal bloating," and found such statements not credible. (AR 16).

The Court cannot find that the ALJ's error was harmless. The ALJ accounted for plaintiff's subjective symptom complaints only "to the extent such complaints [were not] inconsistent with the residual functional capacity assessment." (AR 18). Had the ALJ considered, and been unable to discredit, plaintiff's testimony at the administrative hearing that his impairments essentially rendered him "non-functional . . . [e]very single day," the ALJ could reasonably have reached a more restrictive residual functional capacity assessment. Further restriction in the ALJ's assessment that plaintiff retained the residual functional capacity to do a narrowed range of "sedentary work" would have been material, particularly in light of the vocational expert's testimony that no jobs would be available for a person with plaintiff's characteristics, if that person had limitations beyond the ALJ's assessed residual functional capacity. (AR 42-43).

## V. CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 19, 2011

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenge to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may wish to explain more thoroughly the weight, if any, placed on the opinions expressed by Dr. Jeffrey A. Hirsch in the doctor's Qualified Medical Evaluator Re-Evaluation report dated December 15, 2008. (Plaintiff's Motion at 5-8) (citing AR 350-59).

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).